# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENYA and APRIL ELSTON as legal guardians of their son U.E., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KANE, KANE COUNTY SHERIFF'S DEPUTY BRIAN DEMETER, <br><br> Defendants. | No. 16 C 4979 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiffs Kenya and April Elston allege that Kane County Sheriff's Deputy Brian Demeter hurt their son, U.E., during a confrontation in a public park and bring this complaint against Kane County ("County") and Demeter, alleging constitutional violations under 42 U.S.C. § 1983 and state law tort claims. Kane County now moves to dismiss [9] the claims against it arguing that the County cannot be held vicariously liable for Demeter's actions and the Elstons do not plausibly allege that Demeter was acting within the scope of his employment at the time of the incident to allow an indemnification claim. Because the County cannot be vicariously liable for the actions of a sheriff's deputy, the Court grants the motion to dismiss with respect to the vicarious liability claim (Count V). However, the Elstons have plausibly alleged that Demeter was acting within the scope of his employment at the time of the incident in question; thus, the Court denies the motion to dismiss with respect to the indemnification claim (Count VI).

## BACKGROUND[1]

On May 7, 2015, U.E. was playing basketball with several friends in a park in Aurora, Illinois. While playing, U.E. and his friends cursed at each other in a good-humored way. Demeter, a Kane County Sheriff's Deputy who was off-duty at the time, was sitting near the basketball court and yelled at the boys several times, demanding that they stop cursing. U.E. told his friends that they did not have to stop cursing. At this point, Demeter stood up and pulled up his shirt, revealing his gun and sheriff's badge to U.E. Demeter told U.E., "[Y]ou better watch who you are messing with." Doc. 1 ¶ 11. The boys then cursed again. Demeter then grabbed U.E. by the neck and pushed him. U.E. asked Demeter why he was touching him, to which Demeter replied that he was going to call U.E.'s father because Demeter was a police officer. Demeter then grabbed U.E., threw him to the ground, and pulled U.E.'s arms behind his back. During this process, Demeter ripped U.E.'s shirt and Demeter's gun fell to the ground. Following the incident, U.E. went to Rush-Copley Medical Center and received treatment for contusions to his head and neck.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a

---

[1] The facts in the background section are taken from the Elstons' Complaint and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.     Vicarious Liability (Count V)**

In the complaint, the Elstons allege that Demeter is an employee of the County, therefore the County is vicariously liable under a theory of *respondeat superior*. The County argues that because Demeter is an employee of the Kane County Sheriff's Department not an employee of the County, the County is not vicariously liable for his actions. County sheriffs in Illinois are independently elected county officers and are separate from their respective county boards in such a way that the boards are not vicariously liable for their actions. *Franklin v. Zaruba*, 150 F.3d 682, 685–86 (7th Cir. 1998). The Elstons concede this point in their response and withdraw this claim. Therefore, the Court grants the County's motion with respect to Count V.

## II.     Indemnification (Count VI)

The Elstons allege that because Demeter was an employee of the Kane County Sheriff's Department at the time of the incident, the Sheriff's Department is liable for any judgment against Demeter, and the County is a necessary party because it is required by law to indemnify the Sheriff's Department.  The County argues that the Elstons fail to plausibly allege that Demeter was acting within the scope of his employment at the time of the incident; therefore, the County is not required to indemnify the claim.  An employee's conduct is within the scope of employment if "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and place limits; and (c) it is actuated, at least in part, by a purpose to serve the master."  *Pyne v. Witmer*, 543 N.E. 2d 1304, 1308, 129 Ill. 2d 351, 135 Ill. Dec. 557 (Ill. 1989) (quoting Restatement (Second) of Agency § 228 (1958)).  Scope of employment is a fact-intensive issue, and Illinois courts have held that it is generally inappropriate to resolve this issue at the motion to dismiss or summary judgment stage. *Bagent v. Blessing Care Corp.*, 862 N.E. 2d 985, 992, 224 Ill. 2d 154, 308 Ill. Dec. 782 (Ill. 2007).  "Only if no reasonable person could conclude from the evidence that an employee was acting within the course of employment should a court hold as a matter of law that the employee was not so acting."  *Id.* at 992–93; *see also Lyons v. Adams*, 257 F. Supp. 2d 1125, 1140 (N.D. Ill. 2003) ("[W]here an individual defendant acts solely to promote his or her own personal interests the defendant does not act within the scope of his or her employment.").

Here, the Elstons allege that Demeter is a sheriff's deputy, showed his badge and gun to U.E., identified himself as a police officer to U.E., and engaged with U.E. in an effort to stop U.E. from cursing.  There is no allegation that he did any of this to promote his own personal interest.  The Elstons plead that Demeter was off-duty at the time and that the incident took place

outside of Demeter's jurisdiction, in a neighboring county, but while these allegations very well may be relevant to the ultimate disposition of this case, they are not conclusive proof that he was not acting within the scope of his employment. *See Coles v. City of Chicago*, 361 F. Supp. 2d 740, 749 (N.D. Ill. 2005) (that officer is off-duty at the time of incident is not dispositive of scope of employment). Additionally, although the Elstons do not explicitly allege that Demeter engaged in these acts with the purpose to serve his employer, his intention is reasonably inferred from showing his badge and identifying himself as a police officer. *See Marquez v. Jackson*, No. 13 C 3278, 2013 WL 6797165, at *2 (N.D. Ill. Dec. 23, 2013) (allegation that officer identified himself as a police officer is sufficient to support an inference that he believed he was engaged in an official act at the time of the incident). The Elstons sufficiently allege that Demeter was acting within the scope of his employment at the time of the incident.

In its reply, the County for the first time argues that the Court should also dismiss the indemnification claim because the Elstons did not sue Demeter in his official capacity and they did not name the Kane County Sheriff's Department as a defendant. The Court does not consider these arguments here because the County did not raise them in its original motion and the Elstons have not had an opportunity to respond. *See Nelson v. La Crosse Cty. Dist. Atty.*, 301 F.3d 820, 836 (7th Cir. 2002) ("It is well settled that issues raised for the first time in a reply brief are deemed waived."); *Edwards v. Honeywell, Inc.*, 960 F.2d 673, 674 (7th Cir.1992) (argument raised in a reply brief did not allow the plaintiff an adequate opportunity to respond). Therefore the Court denies the County's motion to dismiss Count VI.

## CONCLUSION

For the foregoing reasons the Court grants the motion to dismiss [9] with respect to Count V and denies the motion with respect to Count VI.

Dated: December 12, 2016

                                                 _____
                                                 SARA L. ELLIS
                                                 United States District Judge